UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH EMANUEL,

    Petitioner,

v().                                          CASE NO. 6:12-cv-1482-Orl-31GJK
                                                   (6:09-cr-223-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**<u>ORDER</u>**

This case is before the Court on the following:

>Petitioner's Motion for Miscellaneous Relief, Specifically, Acceptance of Offer (Doc. 13, filed December 27, 2012); and

>Petitioner's Notice to the Courts to Take Judicial Notice Regarding Motion for Miscellaneous Relief (Doc. 14, filed December 27, 2012).

On December 3, 2012, Petitioner filed a notice of interlocutory appeal as to this Court's Order denying his release on bail pending the resolution of the instant 28 U.S.C. § 2255 action (Doc. 10). On December 12, 2012, Petitioner was notified by the Eleventh Circuit that he was required to pay a $455 filing fee to the district court within 14 days (Doc. 13-1 at 8). Petitioner has filed a number of documents related to his outstanding appellate filing fee. In the documents, Petitioner cites "House Joint Resolution 192 of June 5, 1933" as applicable to the issue of his appellate filing fee, stating that "it is against Public Policy for anyone to require payment in a particular species of coin or currency." (Doc. 13-1

at 2). Petitioner then demands that the clerk of the court adjust his accounting and discharge his obligation to pay his appellate filing fee, pursuant to the Federal Truth-In-Lending Act. *Id.* Petitioner attaches a purported "International Bill of Exchange Commercial Attachment" and a letter from the United States Court of Appeals for the Eleventh Circuit to his filing. Petitioner also attaches a "Reinsurance Agreement for a Miller Act Performance Bond" and copies of several orders and motions from this case (Doc. 13-4). To the extent that Petitioner's filings can be construed as a motion for this Court to accept his "International Bill of Exchange Commercial Attachment" in satisfaction of his appellate filing fee, the motion is **DENIED**.

House Joint Resolution 192 of 1933 involved the suspension of the gold standard. H.J.R. 192, 73d Cong. (1933); *see also United States v. Lee*, 427 F.3d 881, 888 (11th Cir. 2005) (discussing the resolution). This resolution was enacted and is today codified as 31 U.S.C. § 5118(d), which specifies that obligations requiring repayment in gold and issued after October 1977 are satisfiable by fiat money. The Federal Truth in Lending Act was designed to provide for mandatory disclosure requirements upon those institutions who extend credit to consumers. The purpose of the act is to assure meaningful disclosure of the cost of credit so that consumers can compare various credit terms and avoid the uninformed use of credit. *See* 15 U.S.C. § 1601. The Miller Act, 40 U.S.C. § 3031 *et. seq.*, provides that before any contract "of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government," a person must post a payment bond "for the protection of all persons supplying labor and material" and a performance bond to protect the Government. 40 U.S.C. § 3131(b). Neither the resolution

nor the statutes relied upon by Petitioner have a conceivable bearing on Petitioner's obligation to pay his appellate filing fee.

The Court also concludes that an appeal from this Order or from its December 10, 2012 Order (Doc. 8) would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Based on the foregoing, Petitioner's Motion for Miscellaneous Relief (Doc. 13) is denied.

**DONE** and **ORDERED** in Orlando, Florida on this 9th day of January, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

sa: OrlP-4  1/8
copies to: all parties of record